**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AGNITA R. DAY | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-1520 |
| | ) | |
| v. | ) | Judge Terrence McVerry |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| GIANT EAGLE, INC., | ) | |
| | ) | |
| Defendant. | ) | Doc. No. 20 |
| | ) | |

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Court grant Defendant Giant Eagle, Inc.'s ("Defendant") Motion to Dismiss Plaintiff Agnita Day's ("Plaintiff") Amended Complaint to the extent that it requests back pay damages.  It is further recommended that the Court deny the remainder of Defendant's Motion to Dismiss (failure to file a timely Amended Complaint, pleading causes of action previously dismissed  and pleading a time-barred claim).

### II.    REPORT

Plaintiff brings this case before the Court alleging sex and race discrimination in the form of termination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., ("Title VII") by Defendant Giant Eagle, Inc. ("Defendant").  Defendant has filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss claims asserted against it.

## A. Relevant Facts and Procedural History

Plaintiff began working for Giant Eagle as a Deli Clerk in October 1999. (Doc. No. 19, ¶ 7.) On May 23, 2003, Defendant suspended Plaintiff due to charges of conspiracy and assault brought against Plaintiff and her husband by the Commonwealth of Pennsylvania. (Doc. No. 19, ¶ 11.) Defendant terminated Plaintiff's employment two years later on August 5, 2005, based on her husband's guilty plea to a criminal conspiracy with his wife.[1] (Doc. No. 19, ¶ 15.) On June 5, 2009, the parties' stipulated to dismiss Plaintiff's "hostile environment claim," her "full time claim," and her "meat wrapper claim" with prejudice. (Doc. No. 18.) The parties also agreed to allow Plaintiff twenty days to file an amended complaint from the date that the Court submitted an order taking notice of the stipulation to dismissal. *Id.* The Court electronically filed an order taking notice of the parties' Stipulation to Dismiss those claims on June 8, 2009. Plaintiff filed an Amended Complaint on October 10, 2009, nearly four months after the twenty day deadline. (Doc. No. 19.)

Defendant submitted attachments in its Motion to Dismiss demonstrating that Plaintiff has exhausted her administrative remedies.[2] (Doc. Nos. 21-4 to 21-9.) Following her termination from Giant Eagle, Plaintiff filed a grievance with the UFCW-AFL-CIO, Local 23 ("Union") which proceeded to arbitration. (Doc. No. 21-4, Arbitrator's Supplemental Award.) In the arbitration

---

[1] Plaintiff's husband admitted to "promoting or facilitating the crime of Assault and/or [sic] Christine Queer, conspired and agreed with Agnita Day, his wife that they or one or more of them would engage in conduct constituting such crime or crimes, and in furtherance thereof, one or more of them did commit the overt act of assaulting Mark and/or Christine Queer, in violation of Section 901(a)(1) of the Pennsylvania Crimes Code." (Doc. No. 21-3, Ed Day's Guilty Plea.)

[2] "A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the documents. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit guaranty Corp. V. White Consol. Industries*, 998 F.2d 1192, 1196 (3d Cir. 1993).

-2-

complaint, Plaintiff stated that she was terminated based on her race and sex, and that the termination was an act of retaliation against Plaintiff because she filed a charge of discrimination with the Union ("unlawful termination and retaliation claim"). *Id.* The arbitrator upheld Plaintiff's grievance, reasoning that, even if Plaintiff did engage in criminal conduct, Plaintiff's conduct was not related to her employment. *Id.* Pursuant to the arbitration award, Plaintiff received full back pay for the period extending from the date of her termination, August 9, 2005, to the date that she returned to work. *Id.* Plaintiff's two counts against Defendant, as alleged in the Amended Complaint, are limited to a claim of unlawful termination and a claim of retaliation, which seem to be based on or related to these claims. (Doc. No. 19, ¶¶ 19-34.)

Plaintiff also filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") on June 27, 2003 based on her race, gender, and age. (Doc. No. 21-5, PHRC Complaint Case No. 200210432.) In the PHRC Complaint, Plaintiff alleged that she was subjected to race and age discrimination by Giant Eagle based on her May 2003 suspension ("suspension claim") and that Giant Eagle promoted a less qualified person over her to a meat wrapper position in 2001 ("meat wrapper claim"). *Id.* The PHRC dismissed the complaint against Giant Eagle finding no probable cause for discrimination based on Plaintiff's claims. (Doc. No. 21-7, PHRC letter dismissing Day's complaint.)

Finally, Plaintiff submitted a complaint to the EEOC on February 3, 2006, alleging her suspension claim and her termination and retaliation claims. (Doc. No. 21-8, EEOC Intake Questionnaire and Complaint.) The EEOC dismissed Plaintiff's termination and retaliation claims finding no probable cause and issuing Plaintiff a Right to Sue Notice. (Doc. No. 21-9, EEOC's Dismissal and Right to Sue Notice.)

-3-

Defendant submitted a Motion to Dismiss Plaintiff's Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 19.)  In Defendant's Brief in Support of Giant Eagle, Inc.'s Motion to Dismiss, Defendant states that: (1) Plaintiff's Amended Complaint should be dismissed for failure to timely file, (2) Plaintiff's allegation of a wrongful suspension claim is time barred and should be dismissed, (3) Plaintiff's request for backpay should be dismissed, and (4) the Plaintiff's reiteration of claims dismissed in the parties' June 8, 2009 stipulation should be dismissed.  (Doc. No. 21.)

### B.      Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993).  A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007); *Ashcroft v. Iqbal,* 129 S.Ct.1937, 1949 (May 18, 2009) (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 556-57).

The Third Circuit Court of Appeals expounded on this standard in *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), stating that:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer

-4-

survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555 n.3.

*Fowler*, 578 F.3d at 210. "'Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Id.* at 210-11 (quoting *Iqbal,* slip op. at 14). "This plausibility determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.*

## C.    Discussion

Defendant moves first to dismiss the Amended Complaint for Plaintiff's failure to file it within twenty days of the Court's Order affirming the parties' Stipulation to Dismissal. (Doc. No. 21, pp. 6-7.) Defendant states that Plaintiff's failure to timely file her Amended Complaint prejudiced Defendant. *Id.* In support of its motion, Defendant cites *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) (permitting dismissal of a case with prejudice where a plaintiff caused prejudice to his adversary by failing to meet scheduling orders and respond to discovery). However, in *Poulis*, 747 F.2d 863, the District Court's dismissal of the case due to the plaintiff's untimely filings and responses occurred at discovery, which is at a much later stage of litigation than the current case. *Id.* at 868. In the present case, Defendant is correct that the Amended Complaint should have been filed within twenty days of the Court's order and that Plaintiff's counsel was recalcitrant in not doing so. Defendant did not, however, suffer prejudice as

-5-

a result of Plaintiff's untimely filing due to the fact that the original complaint had already put Defendant on notice of the case. Additionally, Plaintiff has not demonstrated the repeated delays and refusal to cooperate that was evident in the *Poulis* case. *Id.* at 868. Thus, it is recommended that the Court deny Defendant's Motion to Dismiss Plaintiff's Amended Complaint for failure to file a timely Amended Complaint.

Secondly, Defendant moves to dismiss Plaintiff's "suspension claim" because it is time barred. (Doc. No. 21, pp. 8-9.) Plaintiff's "suspension claim," as presented in the original complaint, states that Plaintiff's initial suspension on May 23, 2003 was unlawful. (Doc. No. 3.) Plaintiff's Amended Complaint, however, alleges only two claims against Defendant: first, a Title VII claim based on Defendant's August 2005 termination of Plaintiff (Doc. No. 19, ¶¶ 19-24), and, second, a Title VII claim based on Defendant's alleged retaliatory acts toward Plaintiff when she attempted to assert her rights (Doc. No. 19, ¶¶ 25-34). Thus, the Amended Complaint does not re-plead the "suspension claim" found in the original complaint.

In the Amended Complaint, Plaintiff makes reference to facts which may have been used in the original complaint to support the time-barred "suspension claim"; however, Plaintiff does nothing more than present facts in support of a discrete discriminatory claim. According to the United States Supreme Court in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), an employee is not barred from using facts relating to a time-barred claim in order to support related but discrete acts so long as the acts are independently discriminatory. *Id.* at 113 (stating that "discrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges"; however, an employee may use "the prior acts as background evidence to support a timely claim" so long as that claim is timely filed); *Mikula v. Allegheny*

-6-

*County*, 583 F.3d 181, 186 (3d Cir. 2009) (quoting *Nat'l Railroad*, 536 U.S. at 113). The only reference that Plaintiff made to the "suspension claim" was within the "facts" section of the Amended Complaint, such that the reference is presented as factual support for a discrete claim. (Doc. No. 19, ¶ 11.) Thus, Plaintiff does not attempt to actually re-plead the "suspension claim," and Defendant's Motion to Dismiss the "suspension claim" is moot. Therefore, it is recommended that the Court deny Defendant's Motion to Dismiss based on a time-barred claim.

Thirdly, Defendant moves to dismiss Plaintiff's request for back pay damages. (Doc. No. 21, pp. 9-10.) The Amended Complaint does not appear to request back pay; however, to the extent that Plaintiff requests back pay in this case, the Court must deduct from Plaintiff's recovery of any back pay any interim earnings, such as severance pay or an arbitration award, in order to avoid double recovery. 42 U.S.C. § 2000e-5(g)(1); *see also Blum v. Witco Chemical Corp.*, 829 F.2d 367, 374 (3d Cir. 1987). Because Plaintiff received an arbitration award in the form of full back pay from the date of her termination until she was reinstated, any award of back pay would constitute double recovery. Thus, to the extent that Plaintiff requests back pay in this case, it is recommended that the Court grant Defendant's Motion to Dismiss Plaintiff's request for back pay damages.

Finally, Defendant requests that the Court strike paragraph twenty of Plaintiff's Amended Complaint for re-pleading counts that were dismissed by the parties' stipulation, namely, the "meat wrapper claim" and the "full time claim." It is clear that Plaintiff agreed to dismiss these claims. (Doc. No. 21-2, Stipulation of Dismissal.) It is also clear that Plaintiff limited the allegations in the Amended Complaint to claims of unlawful termination and of retaliation pursuant to Title VII. (Doc. No. 19, ¶ 20 (limiting Plaintiff's first cause of action to Defendant's termination of Plaintiff in August 2005); Doc. No. 19 ¶¶ 26-30 (limiting Plaintiff's second cause of action to Defendant's

retaliatory actions against Plaintiff).) Much like Defendant's Motion to Dismiss regarding Plaintiff's "suspension claim," the repetition of facts in paragraphs nine and ten of the Amended Complaint do not re-plead the dismissed claims but, rather, permissibly sets forth corroborating facts in support of another claim. (Doc. No. 19, ¶¶ 9-10); *see Nat'l Railroad*, 536 U.S. at 113. Thus, the Court should interpret Defendant's Motion to Dismiss the previously dismissed claims as a motion for clarification regarding the status of the claims that the parties' stipulated to dismiss. Pursuant to the parties' Stipulation of Dismissal docketed on June 5, 2009 and the Court's Notice of the Stipulation of Dismissal on June 8, 2009, Plaintiff's "meat wrapper claim" and "full time claim" are no longer part of the Amended Complaint as it was presented by Plaintiff on October 12, 2009.

## III.   CONCLUSION

Therefore, it is respectfully recommended that the Court grant Defendant Giant Eagle, Inc.'s ("Defendant") Motion to Dismiss Plaintiff Agnita Day's ("Plaintiff") Amended Complaint to the extent that it requests back pay damages. It is further recommended that the Court deny the remainder of Defendant's Motion to Dismiss (failure to file a timely Amended Complaint, pleading causes of action previously dismissed and pleading a time-barred claim).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: December 16, 2009

By the Court:

LISA PUPO LENIHAN

U.S. MAGISTRATE JUDGE

cc:   Counsel of Record